UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR EDUARDO EUCEDA RAMIREZ,<br><br>          Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>          Respondents. | Case No.  1:26-cv-01821-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 2) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on March 6, 2026.  (Doc. 2).  Petitioner, who currently is detained by Immigration and Customs Enforcement, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, also docketed on March 6, 2026.  (Doc. 1, "Petition").  Petitioner claims he has been detained in immigration custody for over 3 months without a bond hearing in violation of the due process clause of the Fifth Amendment.  (*Id*. at 2).  As relief, the Petition seeks release from custody or, in the alternative, the Court to order Respondent to schedule a hearing before an immigration judge.  (*Id*. at 19).

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success."  (Doc. 2 at 2). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas

proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is appropriate at this stage of the proceedings. At the outset, Petitioner did not complete an affidavit of indigency, he paid the $5.00 filing fee, and his motion is silent as to his financial situation. Thus, Petitioner fails to establish that he is financially eligible for appointment of counsel.

Turning to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's claims, the Court directed Respondent to respond to the Petition. Respondents filed an Answer with attached records necessary for considering the Petition on April 10, 2026. (Doc. 7). The Court's initial review of the records submitted does not indicate that discovery or an evidentiary hearing is necessary, nor does it show a likelihood of success on the merits for Petitioner at this stage of proceedings.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

2

able to competently file his 17-page habeas petition, with attachments, that includes a statement of facts and supporting law concerning his claim for habeas relief.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 2) is denied without prejudice.

Dated:    April 16, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE