**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| OSCAR EDUARDO EUCEDA RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01821-JLT-HBK<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE<br><br>(Doc. 12) |

**I.      INTRODUCTION**

Before this Court is a motion by Oscar Eduardo Euceda Ramirez to enforce this Court's May 22, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an immigration judge. (Doc. 12.) For the reasons set forth below, the Court **DENIES** the motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 10.) On May 22, 2026, this Court granted the petition for writ of habeas corpus, holding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 10 at 3.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant

1

bond hearing at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and or flight risk if not detained. (*Id.*) Furthermore, this Court ordered that Petitioner shall receive at least 72-hours' notice of the hearing. (*Id.*) On May 26, 2026, Petitioner was provided notice of the custody redetermination hearing to take place on June 3, 2026. (Doc. 15-2.)

On June 3, 2026, a bond hearing was held before Immigration Judge William David Neumeister of the Adelanto Immigration Court pursuant to this Court's May 22, 2026 habeas corpus order. (Doc. 12 at 1; *see also* Digital Audio Recording ("DAR ").) Petitioner appeared at the hearing without an attorney. (*See* DAR.) The IJ denied bond on the basis that Petitioner presents a danger to the community given his pending charge for assault with a deadly weapon in Broward County, Florida. (Doc. 15-3.)

On June 10, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 12.) Specifically, Petitioner contends that Respondents failed to provide Petitioner with 72-hours' notice of the bond hearing, resulting in Petitioner not being given a meaningful opportunity to prepare evidence. (*Id.*) Petitioner seeks an order granting his immediate release. (*Id.*)

## III.   LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id.* (citation and quotations omitted). In other words, "[i]n reviewing the IJ's

determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.   ANALYSIS[1]

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the June 3, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order. Petitioner's argument that he did not receive proper notice of the June 3, 2026, bond hearing necessarily fails, given that he received written notice of the hearing on May 26, 2026. (Doc. 15-2.)

## V.   CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 12.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated:   July 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.